IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| | * | |
| vs. | * | 4:05cr00178 SWW |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| DEBBY L. COSSITT | * | |
| DEBRA JEAN PRICE | * | |
| SHANNON MARIE HILL | * | |
| | * | |
| Defendants. | * | |

ORDER

On February 8, 2006, a superceding indictment was filed charging Debby L. Cossitt, owner/manager-operator of certain manufactured home sales companies, with filing false income tax returns (Counts I-III), fraud by wire in the nature of false and fraudulent customer financial data (Counts IV-IX), and conspiracy (Count X). Debra Jean Price, who worked for Cossitt as manager of a Harrison, Arkansas sales lot, and Shannon Marie Hill, sister of and salesperson for Cossitt at a Jonesboro, Arkansas sales lot, are also charged with conspiracy (Count X). Price is alleged to have participated with Cossitt in, among other things, impersonating customers in "telephone audits" with mortgage lenders and in directing customers to make misrepresentations directly to lenders, while Hill is alleged to have participated with Cossitt in, among other things, directing employees to falsify loan support documents including bank statements, pay stubs,

cashier's checks, and W-2 forms to be submitted to mortgage lenders with the mortgage loan applications. The purpose underlying Counts IV – X was to induce financing for unqualified and marginally qualified buyers to increase sales.

With respect to the filing of false tax returns (Counts I – III), it is alleged that it was part of the business of buying and selling manufactured housing that the homes would be delivered to Cossitt's sales lots on wheels and axles, then subsequently delivered to customers on those same wheels and axles. However, once the homes were delivered to customers and placed on foundations, Cossitt, as owner/manager of the sales lots, would cause to be resold for cash the no longer needed wheels and axles and would willfully refuse to acknowledge the cash as income on her tax returns.

Before the Court is a motion for severance of counts by Debby L. Cossitt to which the government has responded in opposition. Cossitt moves for severance of Counts I through III of the indictment on grounds that the filing of false tax returns are not related to the offenses of wire fraud and, thus, are improperly joined with Counts IV through X. The Government contends that the offenses are related and connected, involve fraud and misrepresentation, and were all committed at the same time and place involving the same witnesses.

Where, as here, all defendants are not charged in all counts of the indictment, joinder of offenses in multiple-defendant cases is judged by Federal Rule of Criminal Procedure 8(b) rather than Rule 8(a). *United States v. Southwest Bus Sales*, 20 F.3d 1449, 1454 (8th Cir. 1994). Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be

charged in each count.

"[F]or joinder of defendants under Rule 8(b) to be proper, there must be 'some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense.'" *United States v. Sazenski*, 833 F.2d 741, 745 (8th Cir. 1987), *cert. denied*, 485 U.S. 906 (1988) (quoting *United States v. Grey Bear*, 828 F.2d 1286, 1298 (8th Cir. 1987)). "Furthermore, to be part of the 'same series of acts,' the offenses charged must be part of one overall scheme about which all joined defendants knew and in which they all participated." *Id.* "Rule 8(b)'s language 'may not be read to embrace similar or even identical offenses *unless* those offenses are related .... [T]here must be a logical relationship between the acts or transactions within the series.'" *United States v. LaBrunerie*, 900 F.Supp. 1174, 1177 (W.D. Mo. 1995) (quoting *United States v. Nicely*, 922 F.2d 850, 853 (D.C.Cir. 1991)) (emphasis in original).

This Court agrees with Cossitt that Counts I – III are entirely separate and distinct charges involving the filing of personal tax returns, whereas Counts IV – X involve a business owned in part by Cossitt through which she and others allegedly caused falsified loan information to be submitted in support of fraudulent mortgage applications. Moreover, Counts I – III involve the filing of false tax returns in the calendar years 1998, 1999, and 2000, while the remaining Counts involve financial transactions through Cossitt's business from "a time no later than April 22, 2002 through on or about November, 2003." The offenses of filing false tax returns, while perhaps tangentially related, are not of the "same series of acts or transactions" as the remaining offenses involving wire fraud; they were not part of one overall scheme about which all joined defendants knew and in which they all participated.

IT IS THEREFORE ORDERED that Debby L. Cossitt's motion for severance of counts be and hereby is granted.

Dated this 22nd day of November, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE