IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| DEBBY L. COSSITT, | * | |
| | * | |
| Petitioner, | * | 4:08cv4188 SWW |
| vs. | * | (4:05cr00178 SWW) |
| | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM AND ORDER

In February 2006, petitioner Debby L. Cossitt, an owner/manager-operator of certain manufactured home sales companies, was charged in a ten-count superceding indictment with filing false income tax returns (Counts I-III), fraud by wire in the nature of false and fraudulent customer financial data (Counts IV-IX), and conspiracy (Count X). On the third day of trial, Cossitt, through counsel, negotiated a guilty plea and pleaded guilty to one count of filing a false tax return and one count of conspiracy to commit wire fraud. Cossitt was sentenced to 30 months on each count (to run concurrently) and ordered to pay restitution in the total amount of $129,560.00, with all but $9,560.00 of that total amount being joint and several with two co-defendants.

Now before the Court is Cossitt's 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence on grounds that she was denied effective assistance of counsel and her guilty plea was involuntary. Although her arguments are disjointed, Cossitt essentially claims that counsel failed to investigate, challenge, or mitigate any sentencing factors which would have affected the amount of time to which she was exposed and that she did not understand the full range of

consequences of her plea.[1]  The government has responded in opposition to Cossitt's motion. The Court has considered the matter and finds that Cossitt's § 2255 motion should be and hereby is denied.[2]

"A defendant who claims that he received ineffective assistance of trial counsel has the burden to show both that counsel's performance was deficient – *i.e.*, that 'the identified acts or omissions were outside the wide range of professionally competent assistance' despite the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' – and that the defendant suffered prejudice – *i.e.*, 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Sanders v United States*, 341 F.3d 720, 721-22 (8th Cir. 2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 689-90, 694 (1984)).  In the context of a guilty plea, Cossitt needs to show there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial.  *United States v. Wilson*, 114 Fed.Appx. 770 (8th Cir. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  Cossitt also needs to overcome "strong presumptions" of counsel's competence and the voluntariness of her guilty plea based on her representations during the plea colloquy.  *Id.* (citing *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam)).

Cossitt fails to identify any acts or omissions of her counsel that were outside the wide

---

[1] Cossitt's petition seems in part to have lifted passages from other pleadings.  She claims, for example, that counsel failed to investigate "proper attribution of drug amounts and the requisite preponderance of proof as far as the amount of drugs for the purpose of sentencing."  Cossitt, of course, was not charged with drug offenses.

[2] Because the record conclusively shows that Cossitt is not entitled to relief, the Court decides this motion without conducting an evidentiary hearing.  *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

range of professionally competent assistance, and she fails to provide any evidence that she did not understand the consequences of her plea. The government notes that the effect of the negotiated plea substantially reduced her exposure of imprisonment, her potential fine, and her sentencing guideline range. Cossitt never appealed her sentence and during the change of plea hearing she never disagreed with the government's and this Court's assertion that, with her plea, she "reached a good bargain." Cossitt simply has not shown that her plea was involuntary or induced by counsel's deficient performance.[3]

For the foregoing reasons, the Court finds that Cossitt's claims are without merit and that her 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence should be and it hereby is denied.[4]

IT IS SO ORDERED this 27th day of January 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[3] The government's attorney noted that counsel for Cossitt "beat up on the United States to the point they [got] us to accept this plea agreement" and that as it was such a bargain, he could not understand why the remaining defendants did not enter pleas.

[4] Cossitt's application to proceed *in forma pauperis* [doc.#129] is hereby granted.